UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number 1:14-CV-22663-KMW

ADRIENNE BOWMAN, individually,

    Plaintiff,

v.

COLONIAL DRIVE SHOPPING PLAZA, LLC, *et. al.*.

    Defendant.
_____/

# DEFENDANTS, COLONIAL DRIVE SHOPPING PLAZA, LLC AND FOOD ZONE 119, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendants, COLONIAL DRIVE SHOPPING PLAZA, LLC and FOOD ZONE 119, INC. ("Colonial Drive Defendants"), by and through their attorneys, hereby submit its Answer and Affirmative Defenses to the Amended Complaint of Plaintiff, Adrienne Bowman as follows:

    1.    The Colonial Drive Defendants admit the allegations in paragraphs 1 through 3, 20 and 24 for jurisdictional purposes only. All other allegations contained therein are denied.

    2.    The Colonial Drive Defendants can neither admit nor deny the allegations contained in paragraphs 4, 5, 8, 9, 12, 13, 19(d), and 19(f),

    3.    The Colonial Drive Defendants deny the allegations in paragraphs 6, 10, 14 through 18, 19(a)-(c), 21 through 23, and 25.

    4.    The Colonial Drive Defendants deny as stated the allegations in paragraph 7 and 19(e).

    5.    The Colonial Drive Defendants admit the allegations in paragraph 11.

{4270437:}

6. The Colonial Drive Defendants can neither admit nor deny the allegations in paragraphs 19, 26 and 27.

7. The Colonial Drive Defendants deny all other allegations not expressly admitted herein.

WHEREFORE, Defendants, COLONIAL DRIVE SHOPPING PLAZA, LLC and FOOD ZONE 119, INC., respectfully request this Honorable Court enter judgment in their favor, awarding Defendants their reasonable attorneys' fees and costs, and such other and further relief as this Court deems just and proper

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

As its first affirmative defense, the Colonial Drive Defendants state the Plaintiff's Complaint and each purported cause of action asserted against Defendant therein fails to state a claim upon which relief can be granted. More specifically, Plaintiff cites to incorrect sections of the ADA Accessibility Guidelines, making the Amended Complaint fatally flawed because it does not adequately inform Defendant of the allegations against it.

Second Affirmative Defense

As its second affirmative defense, the Colonial Drive Defendants state Plaintiff lacks standing to bring the causes of action asserted in the Complaint, and to the extent she has standing, Plaintiff lacks standing to challenge any alleged barriers for which she has failed to explain as to how each asserted barrier impaired her ability to access the property or impaired her alleged enjoyment of same at the time of her visit or thereafter.

Third Affirmative Defense

As its third affirmative defense, the Colonial Drive Defendants state that they will make or cause to be made those accommodations which readily achievable or offer alternative methods which are readily achievable, easily accomplishable, technically feasible provided the as to each of the same, that provision would not create safety hazards, and/or result in an undue burden on the Colonial Drive Defendants and others.

Fourth Affirmative Defense

As its fourth affirmative defense, the Colonial Drive Defendants state that Plaintiff's claims are barred by the doctrines of failure of conditions precedent, estoppel or waiver as Plaintiff failed to take measures to learn of or use the accessible features at the property. Further, Plaintiff failed to request any adaptions, modifications, alternative services, or other changes to the property prior to initiating the lawsuit.

Fifth Affirmative Defense

As its fifth affirmative defense, the Colonial Drive Defendants state they did not intentionally impede or impair access to Plaintiff and alleges that to the extent any alleged discriminatory conduct occurred, which it did not, that such conduct was not intentional.

Sixth Affirmative Defense

As its sixth affirmative defense, the Colonial Drive Defendants state that Plaintiff is not entitled to recover attorneys' fees under the Americans with Disabilities Act ("ADA") on the grounds that the Colonial Drive Defendants has already taken measures to address the sought after relief per applicable U.S. Supreme Court precedent.

Seventh Affirmative Defense

As its seventh affirmative defense, the Colonial Drive Defendants state that Plaintiff's claims are bared, in whole or in part, by the applicable statutes of limitations periods.

<u>Eighth Affirmative Defense</u>

As its eighth affirmative defense, the Colonial Drive Defendants state upon information and belief, if assuming *arguendo* that the ADA Accessibility Guidelines are deemed relevant in this case, any deviations from those guidelines are *de minimus*, within applicable construction tolerances and did not impair Plaintiff's use of the property.

<u>Ninth Affirmative Defense</u>

As its ninth affirmative defense, the Colonial Drive Defendants state upon information and belief, Plaintiff's claims are barred in whole or in part, because Plaintiff was not a bona fide patron of the property.

<u>Tenth Affirmative Defense</u>

As its tenth affirmative defense, the Colonial Drive Defendants state Plaintiff's ADA claims are barred, in whole or in part, to the extent that she is not a qualified individual with a disability entitled to relief for purposes of the ADA.

<u>Eleventh Affirmative Defense</u>

As its eleventh affirmative defense, the Colonial Drive Defendants state Plaintiff's claims are barred to the extent that she is a vexatious litigant.

<u>Twelfth Affirmative Defense</u>

As its twelfth affirmative defense, the Colonial Drive Defendants state that Plaintiff is not entitled to injunctive relief because she has failed to show a real and immediate threat of future harm. Plaintiff has not alleged how many times she has visited the property prior to filing suit and her allegation that she intends to return to the property is too speculative to demonstrate that she faces a real and immediate threat of future harm.

<u>Thirteenth Affirmative Defense</u>

As its thirteenth affirmative defense, the Colonial Drive Defendants state that Plaintiff's entry onto places of public accommodation do not automatically confer upon Plaintiff a presumption that she was injured by any architectural barriers therein. Plaintiff cannot prove that she was in fact injured, or subject to discrimination as a result of alleged violations.

<u>Fourteenth Affirmative Defense</u>

As its fourteenth affirmative defense, the Colonial Drive Defendants state that Plaintiff's claim fails to the extent it relates to the bathroom inside the Food Zone 119, Inc., because Food Zone is not a restaurant or café, and therefore not required to have a restroom for public use.

WHEREFORE, Defendants, COLONIAL DRIVE SHOPPING PLAZA, LLC and FOOD ZONE 119, INC., respectfully request this Honorable Court enter judgment in their favor, awarding Defendants their reasonable attorneys' fees and costs, and such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of October, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    GOLDEN & GRIMES LLP
    9350 South Dixie Highway
    PH II
    Miami, Florida  33156
    Phone:  (305) 670-4421
    Fax:  (305) 670-4353

    By: *s/Yasir Billoo*
       **Yasir Billoo**
       Florida Bar No.: 0718351

## SERVICE LIST
*Adrienne Bowman v. Colonial Drive Shopping Plaza, LLC, et. al.*
CASE NO.: 14-CV-22663

**Camilo Ortega, Esq.**
1888 NW 7th Street
Miami, Florida 33125
Telephone: 786-452-9709
Email: attorneyservice@ortegalawgroup.com

**Thomas B. Bacon, Esq.**
Thomas B. Bacon, P.A.
4868 SW 103rd Ave.
Cooper City, FL 33328
Telephone: 954-925-6488
Facsimile: 954-237-1990
Email: tbb@thomasbaconlaw.com